# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Todd A. Duckson,                                                      Civil No. 11-1647 (DWF/AJB)

          Plaintiff,

v.                                                                                    **MEMORANDUM
OPINION AND ORDER**

Christopher E. Clouser,

          Defendant.

---

Scott R. Carlson, Esq., DC Law Chartered, counsel for Plaintiff.

Leon R. Erstad, Esq., Erstad & Riemer, PA, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 4). For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

Plaintiff initiated this action in Scott County District Court asserting a claim of defamation against Defendant Christopher E. Clouser and seeking judgment "in an amount in excess of $50,000." (Doc. No. 1, Ex. A, Compl. at 4.) The complaint alleges that, "[o]n or about February 22, 2011 through May 24, 2011, Defendant Clouser published a series of defamatory e-mails [about Plaintiff] to numerous associates of Plaintiff." (Compl. ¶ 12.) On June 24, 2011, Defendant removed the action to this Court, citing diversity of citizenship between the parties and "an amount in controversy greater

than $75,000.00." (Doc. No. 1 at 1.) Plaintiff now moves the Court to remand this action to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

I.   **Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction. 28 U.S .C. § 1447(c); *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 134 (2005). On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *In re Bus. Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993). The Court should resolve any doubt as to the propriety of removal in favor of remand. *Prempro*, 591 F.3d at 620; *Bus. Men's Assur.*, 992 F.2d at 183.

II.   **Motion to Remand**

Diversity jurisdiction exists where there is (1) complete diversity of citizenship and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The existence of diversity of citizenship is determined at the time the suit is instituted, and not when the cause of

action arose." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (citing *Smith v. Snerling*, 354 U.S. 91, 93 n.1 (1957)).

Plaintiff does not dispute that the amount in controversy in this case exceeds $75,000.[1]  Rather, Plaintiff argues that Defendant is a citizen of the State of Minnesota, not the State of Florida, thus defeating diversity jurisdiction.  Plaintiff asserts that evidence that Defendant was served by substituted service at a residence on Green Trees Road in Wayzata, Minnesota (Doc. No. 14, Carlson Aff. ¶ 3, Ex. A), and that the property (which is held in trust by Defendant's wife) is designated as a homestead (*id.* ¶ 4, Ex. B), demonstrates that Defendant is and was domiciled in Minnesota during the relevant time period.

The terms "domicile" and "citizenship" are synonymous for purposes of diversity jurisdiction.  *Yeldell*, 913 F.2d at 537.  "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id.*  Intention to remain in the state permanently, however, is not necessary.  *Id.* Once an individual has established domicile in a particular state, he remains domiciled there until he legally acquires a new domicile.  *Id.*

Notably, the record is substantially lacking with respect to the relevant time period surrounding this action.  Therefore, the Court's decision in this case is a close one.  Still, the Court finds that Defendant has demonstrated, by a preponderance of evidence, that he was a citizen of Florida at the time this suit was initiated on or about June 8, 2011.

---

[1]  The Court notes that Plaintiff's complaint seeks judgment "in excess of $50,000" in addition to attorneys' fees and costs.  (Compl. at 4.)  Plaintiff's counsel conceded at the hearing, however, that the amount in controversy exceeds $75,000.

3

Defendant submitted an affidavit (dated September 28, 2011) in opposition to Plaintiff's motion in which he states that he has not lived in Minnesota since September 2010 and that he "presently reside[s]" in Wellington, Florida. (*See* Doc. No. 18, Clouser Aff. ¶ 7.) While Defendant also states that he was in Rhode Island "attending to business" on June 8, 2011 (the date the complaint was purportedly served on Defendant's wife at her home in Minnesota),[2] the affidavit does not specifically state where Defendant resided on that date. (*Id.* ¶ 10; Carlson Aff. ¶ 3, Ex. A.) Still, Defendant claims that he has "been a Florida citizen for many years," he is registered to vote in Florida, owns a home in Florida, and possesses a valid Florida driver's license (issued in 2008). (Clouser Aff. ¶¶ 1, 5, 7, Exs. C, E.) Defendant further represents that his wife "put the Minnesota home up for sale" once he "returned to Florida in September 2010" and that the couple intends to claim the Florida home as their homestead upon the sale of the Minnesota home. (*Id.* ¶ 8.)

Additionally, on December 15, 2010, Plaintiff's employment as Chairman for the International Tennis Hall of Fame & Museum went into effect through 2013. (*Id.* ¶ 4, Ex. B.) The employment letter bearing the same date provides that, as part of his responsibilities, Defendant "will lead the Board of Directors and the 2011-2013 capital campaign from [Defendant's] home in Wellington, Florida and at [International Tennis Hall of Fame] headquarters in Newport, Rhode Island." (*Id.*)

---

[2] At the time of service, the female upon whom service was made "would not identify herself other than that she resided therein and confirmed that Christopher Clouser resided there." (Carlson Aff. ¶ 3, Ex. A.)

Having considered the evidence in the record, the Court finds that Defendant has established a physical presence in Florida as well as an intent to remain in Florida indefinitely as of September 2010.  Consequently, the Court concludes, on the record now before it, that Defendant has met his burden of establishing federal jurisdiction by a preponderance of the evidence.  The Court thus denies Plaintiff's motion to remand.[3]

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. [4]) is **DENIED**.

Dated:  November 4, 2011     s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge

---

[3] Conspicuous by its absence, however, is any evidence as to Defendant's presence in Florida on or about June 8, 2011.  Defendant admits that he "was in Newport, Rhode Island attending to business" on that date and that he "visited Minnesota to celebrate Father's Day on June 18-19" before leaving for London, England on June 20, 2011. (Clouser Aff. ¶ 10.)  Also suspicious is Defendant's claim that "in the last 12 months, [he has] only physically been in the State of Minnesota 48 times." (*Id.* ¶ 9.)  The Court notes that its decision is a close one given the lack of objective evidence in the record to support Defendant's claimed intent to remain in Florida at the relevant time.  The Court denies Plaintiff's motion but notes that, if the parties' discovery efforts reveal compelling evidence on the issue of subject matter jurisdiction, the Court will entertain a motion for reconsideration of this order from either party.  *See* D. Minn. LR 7.1(h); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Bus. Men's Assur.*, 992 F.2d at 181 (noting that the district court did not abuse its discretion by not conducting an evidentiary hearing "to resolve its doubts about federal jurisdiction" where no such hearing was requested by the party seeking removal and the court remanded).